1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Michele Klain, | No. CV-16-04390-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Carrie Klain seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. The issues are fully briefed and the Court concludes that oral argument will not aid its decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). Because Plaintiff has not shown that the decision of the Administrative Law Judge ("ALJ") is unsupported by substantial evidence or based on legal error, the Commissioner's decision will be affirmed.

**I.     Background.**

Plaintiff is a 44 year old female who previously worked as a hair stylist. A.R. 2229. In November 2009, Plaintiff applied for disability insurance benefits, alleging disability beginning on June 30, 2006. A.R. 26. On July 10, 2012, after a hearing, an ALJ decided that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 26-38. This became the Commissioner's final decision when the

Appeals Council denied review. A.R. 1. Plaintiff sought review in this Court, but before a decision was made, the parties stipulated that the case should be remanded to the Commissioner to correct several errors. A.R. 2332-33. Judge Tuchi accepted the parties' stipulation and entered their proposed order. CV-14-01235-PHX-JJT, Doc. 23.

On remand, the matter was assigned to a different ALJ and a hearing was held. In August 2016, the ALJ issued a decision finding Plaintiff not disabled. A.R. 2215-31. This became the Commissioner's final decision when Plaintiff did not file exceptions. Doc. 1 ¶ 5. Plaintiff now seeks review of the second ALJ's decision.

## II. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) she is not currently working, (2) she has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") prevents her performance of any past relevant work. If the claimant meets her burden through step three, the Commissioner must find her disabled. If the inquiry proceeds to step four and the claimant shows that she is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant is capable of other work suitable for her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2010, and did not engage in substantial gainful activity between June 30, 2006, and September 30, 2010. A.R. 2217-18. At step two, the ALJ found that Plaintiff had the following severe impairments: chronic interstitial cystitis, kidney stones, and mild lumbar degenerative disc disease. A.R. 2218. The ALJ acknowledged that the record contained evidence of hypertension, anemia, hypothyroidism, depression, and anxiety, but found that these impairments were non-

severe. A.R. 2218-22. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. A.R. 2222. At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work with some additional limitations, and that Plaintiff was unable to perform her past relevant work as a hair stylist. A.R. 2222-29. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. A.R. 2229-30.

### III. Standard of Review and Plaintiff's Arguments.

The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court may not reverse an ALJ's decision on the basis of error that is harmless, and "the burden is on the party claiming error to demonstrate not only the error, but also that it affected his substantial rights." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A claimant cannot prevail on appeal simply by re-arguing the evidence. An ALJ's decision must be supported only by "substantial evidence." *Orn*, 495 F.3d at 630 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla but less than a preponderance" – it is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Plaintiff's briefs in this case focus almost entirely on re-arguing the evidence. They urge the Court to accept Plaintiff's testimony, her doctors' opinions, and the testimony of her family members, but they do not show how the ALJ erred in discounting that testimony or rejecting those opinions. Indeed, Plaintiff says very little about the ALJ's reasoning in her briefs. Because Plaintiff largely fails to address the ALJ's

analysis and the evidence on which the ALJ relied – opting instead to restate evidence the ALJ has already considered – Plaintiff has not shown error or a lack of substantial evidence that would enable the Court to reverse the ALJ's decision.

The Ninth Circuit consistently has held that courts will not "manufacture arguments for an appellant," but instead will "review only issues which are argued specifically and distinctly in a party's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The Ninth Circuit has applied this principle in Social Security cases. *See Hastings v. Comm'r of Soc. Sec. Admin.*, 581 F. App'x 694, 695 (9th Cir. 2014). Most district courts in the Ninth Circuit likewise apply *Independent Towers* to find waiver where a social security claimant fails to present an argument. *See*, *e.g.*, *Betts. v. Comm'r of Soc. Sec. Admin.*, No. CV-16-01579-PHX-NVW, 2017 WL 4277178, at *1 (D. Ariz. Sept. 27, 2017); *Yager v. Berryhill*, No. 2:16-CV-00051-GMN-VCF, 2017 WL 3495174, at *2 (D. Nev. Aug. 15, 2017); *Hilt-Hayden v. Comm'r, Soc. Sec. Admin.*, No. 6:15-CV-00258-HZ, 2016 WL 3396937, at *2-3 (D. Or. June 14, 2016); *Henry v. Colvin*, No. 1:15-CV-00100-JLT, 2016 WL 164956, at *14 n.5 (E.D. Cal. Jan. 14, 2016). Some district courts in this circuit have held, however, that they have a "duty to make a full review of the facts and an independent determination as to whether the Commissioner's findings are supported by substantial evidence." *Tadman v. Berryhill*, No. CV 15-07795-KES, 2017 WL 1073341, at *4 (C.D. Cal. Mar. 21, 2017) (quoting *Farley v. Colvin*, 231 F. Supp. 3d 335, 339 (N.D. Cal. 2017)). The Court does not find these decisions persuasive in light of the Ninth Circuit cases cited above and the clear majority to the contrary among district courts in this circuit. But even if the Court conducts its own review of the evidence supporting the ALJ's decision in this case, it finds the decision supported by substantial evidence.

**IV. Analysis.**

Plaintiff makes seven general categories of arguments: (1) the ALJ posed flawed hypothetical questions to the vocational expert; (2) there was not substantial evidence to support the RFC; (3) the ALJ improperly classified the depression and anxiety as non-

severe impairments; (4) the ALJ should have solicited a medical expert opinion; (5) the ALJ improperly rejected medical opinion evidence; (6) the ALJ improperly discredited Plaintiff's symptom testimony; and (7) the ALJ improperly discredited lay witness testimony. Doc. 25 at 10-24. The Court will address each category.[1]

### A. Hypothetical Questions.

Plaintiff contends that the ALJ's hypothetical questions erroneously assumed that she was capable of sedentary work when, in fact, evidence in the record suggested that her limitations would prevent such work. Doc. 25 at 10. Plaintiff cites *Light v. Social Security Administration*, 119 F.3d 789 (9th Cir. 1997), for the proposition that a valid hypothetical question must reflect all of a claimant's limitations. Doc. 25 at 11. But *Light* explains that "the ALJ need not include all *claimed* impairments in [her] hypotheticals" so long as her opinion makes "specific findings explaining [her] rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light*, 119 F.3d at 793 (emphasis added).

Plaintiff claims that "all relevant medical evidence," her symptom testimony, and the lay witness testimony contradicted the assumption that she was capable of sedentary work. Doc. 25 at 10. The Court does not know what Plaintiff means by "all relevant medical evidence" because she provides no explanation or record citations in support of this assertion. *Id.* The Court finds below that Plaintiff has not shown that the ALJ erred in discounting her testimony or the testimony of her family members.

Plaintiff argues that the vocational experts' testimony likewise contradicted the assumption that she was capable of sedentary work. *Id.* at 11. Plaintiff characterizes the experts' testimony as confirming that she was unable to perform work "at the light, unskilled level." *Id.* But Plaintiff does not explain how an inability to perform light, unskilled work would preclude work of lesser intensity. *Id.* The relevant regulations

---

[1] The argument sections of Plaintiff's opening brief were largely lacking in citations to the 2,529-page record in this case (*see* Doc. 21 at 11-24), and the Court therefore ordered that the brief be re-filed with specific page citations (Doc. 24). Plaintiff complied, and citations in this order will be to the re-filed brief. *See* Doc. 25 at 11-24.

explain that sedentary work requires less physical exertion than light work. *See* 20 C.F.R. § 404.1567(a), (b).

Plaintiff does focus specifically on her Global Assessment of Functioning ("GAF") scores and argues that they show she was incapable of sedentary work. Doc. 25 at 11-12. Plaintiff emphasizes that one such GAF score resulted from an examination in which she admitted suicidal ideation and the examining physician recommended treatment at an in-patient psychiatric facility. *Id.* But the ALJ gave no weight to the GAF scores for six reasons: (1) they are subjective; (2) they provide only short-term assessments of mental health; (3) they do not assess specific functional capacities; (4) they reflect factors unrelated to an ability to work; (5) the latest Diagnostic and Statistical Manual of Mental Disorders ("DSM") suggests that GAF scores are no longer best practice; and (6) even if they were reliable, "previous and subsequent evidence do not support significant limitations over a 12-month period." A.R. 2220.

Plaintiff never addresses reasons (1) through (4) or (6). Doc. 25 at 11. Later in her brief, Plaintiff addresses reason (5), contending that the ALJ erred in relying on the new DSM to discredit GAF scores that were the best practice at the time of each assessment and during her period of disability. Doc. 25 at 18; Doc. 23 at 2-3. But by failing to address the ALJ's other five reasons for discounting the GAF scores – reasons the Court finds reasonable and supported by substantial evidence in the record – Plaintiff has failed to show that the ALJ erred in discounting the GAF scores.

Thus, with respect to Plaintiff's argument regarding the ALJ's hypothetical questions, Plaintiff has not shown the ALJ failed to provide "specific findings explaining [her] rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light*, 119 F.3d at 793.

**B.     Residual Functional Capacity.**

The ALJ found that Plaintiff had the RFC to perform sedentary work with some additional limitations. A.R. 2222. Plaintiff offers three reasons that this RFC was not supported by substantial evidence. Doc. 25 at 12.

First, the vocational expert opined that being absent for more than 10% of a work day to self-catheterize would preclude all work. Doc. 25 at 13-14 (citing A.R. 2304-05). In light of this testimony and Plaintiff's alleged need to self-catheterize, Plaintiff argues that she could not perform any sedentary work. *Id.*

The ALJ specifically addressed Plaintiff's need to self-catheterize. A.R. 2226. The ALJ noted that although Plaintiff has a significant history of treatment for interstitial cystitis, the record does not show that she was disabled by this condition before her date last insured – September 30, 2010. *Id.* The ALJ recounted Plaintiff's lack of treatment for this condition between 2007 and 2009, and noted that the record did not include indications of self-catheterization before August 2011. *Id.* The ALJ found other reasons to discount Plaintiff's testimony that she self-catheterized multiple times a day before September 2010. *Id.* Plaintiff does not address any of these findings. *See* Doc. 25 at 13-14. Because Plaintiff has not shown that the ALJ's findings on this issue were erroneous, and the Court's review suggests they are supported by substantial evidence in the record and reasonable inferences drawn from that evidence, *Molina*, 674 F.3d at 1111, Plaintiff's first reason is not persuasive.

Second, Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discrediting her symptom testimony. Doc. 25 at 13. A proper consideration of these symptoms, Plaintiff contends, would reveal that she cannot perform sedentary work. *See id.* at 13-14. The ALJ rooted her credibility determination in multiple inconsistencies between the medical evidence and Plaintiff's symptom testimony: (1) Plaintiff's thyroid disease, hypertension, and anemia were controlled by medication and did not impose limitations; (2) despite a brief hospitalization for depression, anxiety, and suicidal ideation, treatment notes reflect that Plaintiff felt better and her mood stabilized; (3) Plaintiff travelled to California despite claiming to be homebound; (4) despite evidence of an ongoing condition, the interstitial cystitis did not impose any disabling limitations before September 30, 2010; and (5) Plaintiff was not self-catheterizing with the frequency she alleged before the date last insured. A.R. 2226.

Plaintiff does not address these conclusions by the ALJ. *See* Doc. 25 at 13-14. Instead, Plaintiff re-argues her claimed limitations, asserting that they clearly would disrupt any work schedule. *Id.* But Plaintiff's obligation before this Court is not to simply re-urge her position, but to show why the ALJ's reasoning is legally flawed or not supported by substantial evidence. Because she makes no specific argument at to why the ALJ's basis for discrediting her testimony was wrong, and the Court finds the ALJ's five reasons to be specific, clear, convincing, and supported by substantial evidence in the record, Plaintiff has not established error.

Third, Plaintiff argues that the ALJ erred by failing to consider all of her impairments in the disability analysis. Doc. 25 at 14-15. In support, Plaintiff cites the ALJ's step-three finding, which broadly concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled" a listed impairment. A.R. 2222. But Plaintiff cites no legal authority to suggest that an ALJ must describe and discuss all impairments at step three. Doc. 25 at 14-15. Nor does she address the lengthy discussion of her impairments in other parts of the ALJ's decision. *See* A.R. 2218-28. Because Plaintiff has not shown that the ALJ's disability determination was erroneous, and the Court's review of the record shows substantial evidence to support that determination, the Court cannot find legal error.

**C.    Depression and Anxiety.**

Plaintiff argues that the ALJ improperly ignored her testimony and medical evidence regarding depression and anxiety. Doc. 25 at 15-16. But Plaintiff again simply sets forth her testimony of debilitating impairments and argues that it establishes major depression under the Social Security guidelines. *Id.*

The ALJ devoted more than three single-spaced pages to evaluating Plaintiff's claim of depression and anxiety. A.R. 2218-22. The ALJ reviewed the opinions of Plaintiff's relevant medical providers, addressing their conclusions in light of a detailed analysis of the medical records. *Id.* at 2218-20. The ALJ addressed the opinion of the State-agency psychological consultant and explained why she gave credit to that opinion

over Plaintiff's treating providers. *Id.* at 2220. The ALJ also analyzed Plaintiff's mental impairments in light of Social Security guidelines, specifically 20 C.F.R., Part 404, Subpart P. Appendix 1. *Id.* at 2220-22.

Plaintiff addresses none of this. She does not explain why the ALJ's analysis regarding her depression and anxiety is flawed, and merely recounting her own version of the evidence does not show error by the ALJ. The Court finds substantial evidence in the record to support the ALJ's decision on Plaintiff's anxiety and depression. Although Plaintiff clearly believes that the record favors her position, the ALJ's conclusion must be upheld "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues for the first time in her reply brief that the first ALJ found her depression and anxiety to be severe impairments. Doc. 23 at 1-3. The Court normally will not consider arguments raised for the first time in a reply brief. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007). But even if the Court considers this argument, it finds that the second ALJ's detailed findings on anxiety and depression (A.R. 2218-22) provide a clearly sufficient basis – largely unchallenged by Plaintiff – for finding that Plaintiff's anxiety and depression were not severe impairments.

Plaintiff also asserts for the first time in her reply brief that the ALJ improperly disregarded the opinion of social worker Judith Welleck (Doc. 23 at 1-2), but fails to address the detailed reasons the ALJ provided for finding Ms. Welleck less reliable than the State-agency psychological consultant (A.R. 2220). The Court finds the ALJ's reasons to be supported by substantial evidence in the record.

### D. Medical Expert Opinion.

Plaintiff argues that the ALJ should have called a medical expert to testify at the second hearing. Doc. 25 at 16-19. To bolster her argument, Plaintiff identifies several deficiencies in the ALJ's opinion that might have been remedied with help from a medical expert. *See id.*

Plaintiff cites no legal authority to suggest that an ALJ *must* call a medical expert, and the relevant regulation states only that an ALJ "*may* also ask for medical evidence from expert medical sources." 20 C.F.R. § 404.1513a(b)(2) (emphasis added). Plaintiff cites Judge Tuchi's remand order in support of her argument, but that order was drafted and stipulated to by the parties and stated only that the ALJ would, "if warranted and available, obtain evidence from a medical expert regarding the nature, severity, and limitations, if any, of the claimant's impairments." CV-14-01235-PHX-JJT, Doc. 23. The order clearly left room for the ALJ to conclude that such an opinion was not warranted. The ALJ found that a medical expert was not needed "given the voluminous medical records submitted in support of the claimant's request for benefits." A.R. 2215. Because Plaintiff has not shown that the ALJ otherwise committed error in her decision, the Court cannot conclude that the discretionary decision not to use a medical expert was erroneous.

Plaintiff argues for the first time in her reply brief that S.S.R. 15-1p requires a medical expert to address Plaintiff's interstitial cystitis. Doc. 23 at 5-6. In addition to the fact that this argument was made for the first time in a reply brief, *Gadda*, 511 F.3d at 937 n.2, the sections of S.S.R. 15-1p quoted by Plaintiff merely state that the ALJ will consider appropriate evidence from an "acceptable medical source." Doc. 23 at 5. In this case, the ALJ made a detailed review of the medical sources in Plaintiff's history and found that her interstitial cystitis did not preclude work before September 30, 2010. A.R. 2226. Plaintiff does not address this detailed analysis by the ALJ (Doc. 23 at 5-6), and the Court finds that it constitutes a reasonable consideration of relevant medical sources.

### E. Discrediting Treating Physician Opinion.

Plaintiff argues that the ALJ improperly discredited the medical opinions of two treating physicians, Drs. Kornfield and Wagman. Doc. 25 at 20. In determining how much deference to give a physician's medical opinion, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining

physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where, as here, a treating physician's opinion is contradicted by another doctor, an ALJ can reject it "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

To show that an ALJ erred in rejecting a treating doctor's opinion, a claimant normally must show that the ALJ did not have specific and legitimate reasons supported by substantial evidence. Plaintiff makes no attempt at this showing with respect to Dr. Kornfield. The ALJ specifically explained why she did not give Dr. Kornfield's opinion controlling weight (A.R. 2227-28), but Plaintiff never mentions this explanation, much less challenges it (Doc. 25 at 21). The Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record.

The ALJ gave seven reasons for discrediting Dr. Wagman's opinion: (1) he saw Plaintiff only four times in 2011 and only two times in 2012 before rendering his opinion; (2) his disability conclusions were inconsistent with his own objective findings; (3) he opined on an issue reserved for the Commissioner; (4) he opined that Plaintiff was "homebound" when in fact she was able to go the store alone and was experiencing diminished panic symptoms; (5) he used unclear language in describing the extent of Plaintiff's disability; (6) his opinion appeared to be based more on sympathy than on objective medical findings; and (7) his opinion did not state specific limitations applicable to the workplace, and thus was not helpful in formulating Plaintiff's RFC. A.R. 2219. In a separate part of her brief, Plaintiff mentions three of these reasons, challenges only one (the opinion about Plaintiff being homebound), and never addresses the others. Doc. 25 at 18. Because Plaintiff never challenges six of the ALJ's seven reasons, she has not shown that the ALJ erred. The Court finds that reasons (1), (2), (3) and (7) constitute specific and legitimate reasons supported by substantial evidence in the record.

### F. Discrediting Plaintiff's Symptom Testimony.

Plaintiff contends that the ALJ erroneously discredited her symptom testimony. Doc. 25 at 21-22. In evaluating a claimant's symptom testimony, the ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptoms she has alleged, only that it could reasonably have caused some degree of the symptoms. *Id.* Second, if there is no evidence of malingering, the ALJ may reject the claimant's symptom testimony only by giving specific, clear, and convincing reasons. *Id.* at 1014-15.

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. A.R. 2224. The ALJ then found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible. *Id.* In support of this finding, the ALJ provided a full-page explanation, including five specific inconsistencies between the medical evidence and her symptom testimony. A.R. 2226. Plaintiff never addresses this explanation. Doc. 25 at 22-23. She makes no attempt to show that the ALJ's reasons for discounting her testimony are not specific, clear, or convincing, and the Court finds that they are. Plaintiff therefore has not shown error.

### G. Discrediting Lay Witness Testimony.

"In order to disregard the testimony of a lay witness, the ALJ is required to provide specific reasons that are germane to each witness." *Fleming v. Comm'r of Soc. Sec. Admin.*, 500 F. App'x 577, 579 (9th Cir. 2012). Plaintiff contends that the ALJ simply "ignored" the testimony of her husband and mother-in-law. Doc. 25 at 24. This is not correct. The ALJ provided three reasons for rejecting their testimony: (1) the accuracy of their testimony was questionable due to their lack of medical training; (2) their testimony that Plaintiff could not work was inconsistent with the medical

evidence supporting the RFC; and (3) their testimony, like Plaintiff's, was inconsistent with the preponderance of the medical evidence. A.R. 2228. Plaintiff never addresses these reasons. The Court finds at least reasons (2) and (3) to be specific and germane to each witness, particularly in light of the ALJ's detailed discussion of the medical evidence and her detailed reasons for discounting Plaintiff's testimony.

Elsewhere in her brief, Plaintiff claims that "the ALJ, *without explanation*, erroneously opined the statements of Ms. Klain's mother-in-law and husband were not consistent with the objective medical evidence." Doc. 25 at 17 (emphasis added). But the ALJ noted the similarity of the lay witness testimony to that of the Plaintiff, which she determined to be inconsistent "with the preponderance of the opinions and observations by medical doctors." A.R. 2228; *see* A.R. 2223-24 (characterization of testimony of Plaintiff, her husband, and her mother-in-law). Indeed, the ALJ provided detailed reasons to explain the inconsistency of Plaintiff's testimony with the record – reasons Plaintiff never addresses and the Court finds to be sufficient. A.R. 2226; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with evidence is a germane reason). The Court cannot find error.

**V.     Conclusion.**

Plaintiff's briefs reflect a strong view that she is disabled and entitled to disability benefits. The Court's task, however, is not to reconsider the evidence and arguments *de novo*, but to determine whether the ALJ committed legal error or issued a decision that is not supported by substantial evidence. Plaintiff has not shown, and the Court has not independently found, legal error. And although Plaintiff vigorously re-argues the evidence, urging the Court to view this case from her point of view, the Court's job is not to re-weigh the evidence. The ALJ's decision must be upheld if it is supported by "substantial evidence," which is "more than a mere scintilla but less than a preponderance" of the evidence in the record. *Orn*, 495 F.3d at 630; *Molina*, 674 F.3d at 1111. For reasons explained above, the Court concludes that the ALJ's detailed analysis clearly meets this standard.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 11th day of December, 2017.

_David G. Campbell_
United States District Judge